# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| LARRY KORUNKA, #S01725, ) | |
| ) | |
| Plaintiff, ) | |
| vs. ) | Case No. 3:21-cv-00573-SMY |
| ) | |
| SCOTT THOMPSON, ) | |
| ANN LAHR, and ) | |
| ROB JEFFREYS, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Larry Korunka, an inmate of the Illinois Department of Corrections currently incarcerated at Centralia Correctional Center, filed the instant lawsuit pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights. This case is now before the Court for preliminary review of the Complaint under 28 U.S.C. § 1915A. Any portion of the Complaint that is legally frivolous, malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b).

## The Complaint

Plaintiff makes the following allegations in his Complaint (Doc. 1): Plaintiff has difficulty breathing and needs an oxygen machine. During the COVID-19 pandemic, Warden Thompson refused to direct the medical department to provide Plaintiff's breathing treatments. Additionally, Warden Thompson required Plaintiff to wear a face mask that exacerbated his breathing issues and he was only allowed to change the mask once per week.

Plaintiff filed an emergency grievance on being forced to use un-sanitary face masks, but he did not receive a response. He also filed emergency grievances on February 18 and March 5,

2021 on being denied adequate medication. The March 5, 2021 grievance was granted emergency review. The grievance officer and CAO response dated March 12, 2021 denied the grievance in part and failed to order that Plaintiff receive breathing treatments. Plaintiff appealed to the Administrative Review Board but the grievance was denied by Ann Lahr and Rob Jeffreys.

Because Plaintiff is required to wear an un-sanitary mask and is not receiving breathing treatments, he suffers from a "lack of air, has a hard time walking to and from the health care unit, the chow hall, and commissary, and has developed a very bad cough.

Based on the allegations in the Complaint, the Court designates the following claim in this *pro se* action:

> Count 1: Eighth Amendment claim against Thompson, Lahr, and Jeffreys for exhibiting deliberate indifference to Plaintiff's serious medical needs related to breathing issues.

Any claim that is mentioned in the Complaint but not addressed in this Order is dismissed without prejudice as inadequately pled under the *Twombly* pleading standard.[1] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim that is plausible on its face.").

## Discussion

Prison officials and medical staff violate the Eighth Amendment's prohibition on cruel and unusual punishment when they act with deliberate indifference to a prisoner's serious medical needs. *Rasho v. Elyea*, 856 F.3d 469, 475 (7th Cir. 2017). To state a claim, a prisoner must allege facts suggesting that (1) he suffered from an objectively serious medical condition, and (2) the defendant acted with deliberate indifference to his medical needs. *Id.* "[D]eliberate indifference

---

[1] In Plaintiff's "Preliminary Statement," he indicates he is bringing this lawsuit for the denial of adequate medical treatment for his "COPD, Hepatitis, PAD, depression, and his osteoarthritis" (Doc. 1, p. 3). However, the factual allegations relate only to breathing issues. He fails to state a claim related to the other health issues.

may be found where an official knows about unconstitutional conduct and facilitates, approves, condones, or turns a blind eye to it." *Perez v. Fenoglio*, 792 F.3d 768, 781 (7th Cir. 2015). The allegations in the Complaint are sufficient for Plaintiff to proceed on the deliberate indifference claim in Count 1 against Thompson, Lahr, and Jeffreys.

### Official capacity claims

Plaintiff asserts claims against each defendant in his or her individual and official capacities. When a plaintiff seeks monetary damages against a state official, he must bring the suit against them in his or her individual capacity. *Brown v. Budz*, 904 F.3d 904, 918 (7th Cir. 2005); *Shockley v. Jones*, 823 F.2d 1068, 1070 (7th Cir. 1987). And, because a state official sued in his official capacity is not a "person" within the meaning of section 1983, an official capacity claim against an individual is really a suite for money damages against the State, which is barred by the Eleventh Amendment and the doctrine of sovereign immunity. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989); *Power v. Summers*, 226 F.3d 815, 818 (7th Cir. 2000). Because Plaintiff seeks only monetary damages (Doc. 1, pp. 8-9), the claims asserted against the defendants in their official capacities are dismissed without prejudice.

### Disposition

The Eighth Amendment deliberate indifference to serious medical needs claim in the Complaint (Doc. 1) will proceed against Defendants Scott Thompson, Ann Lahr, and Rob Jeffreys in their individual capacity only. The official capacity claims are **DISMISSED** without prejudice.

The Clerk shall prepare for Scott Thompson, Ann Lahr, and Rob Jeffreys: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to Defendant's place of employment as identified by Plaintiff.

If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on the Defendant, and the Court will require the Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a Defendant cannot be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk and shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). Pursuant to Administrative Order No. 244, Defendants need only respond to the issues stated in this Merit Review Order.

Plaintiff is **ADVISED** that if judgment is rendered against him and the judgment includes the payment of costs under 28 U.S.C. §1915, he will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is further **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and the opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

Based on the allegations in the Complaint, the Clerk of Court is **DIRECTED** to **ENTER** the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.

**IT IS SO ORDERED.**

**DATED:  June 28, 2021**

*s/ Staci M. Yandle*
**STACI M. YANDLE**
**United States District Judge**

### Notice to Plaintiff

The Court will take the necessary steps to notify the Defendants of your lawsuit and serve them with a copy of your Complaint. After service has been achieved, Defendants will enter an appearance and file an Answer to your Complaint. It will likely take at least **60 days** from the date of this Order to receive the Defendants' Answer, but it is entirely possible that it will take **90 days** or more. When Defendants have filed their Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for Defendants before filing any motions, to give the Defendants notice and an opportunity to respond to those motions. Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.